**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHERYL WEIMAR,**

    **Plaintiff,**

v.                                              Case No. 5:19-cv-548-Oc-41PRL

**THE FLORIDA DEPARTMENT**
**OF CORRECTIONS, KEITH**
**TURNER, and RYAN DIONNE,**

    **Defendants.**
_____/

## ORDER

This prisoner civil rights case is before the Court on Plaintiff's Second Amended Complaint, filed on October 31, 2019. (Doc. 35). In it, Plaintiff alleges that the two named officers violated her Eighth Amendment right to be free from cruel and unusual punishment (Count I), and that the Florida Department of Corrections violated her rights under the Americans with Disabilities Act (Count II) and the Rehabilitation Act (Count III), both of which prohibit discrimination.

Pending before the Court now is a motion styled: Plaintiff's Verified Emergency Motion for Preliminary Injunctive Relief. (Doc. 50). This is, as the FDC noted, Plaintiff's third emergency motion: the first two were filed when the case was pending in the Northern District of Florida and this is the first one filed while the case was pending here. Counsel for Plaintiff are reminded to consider this Court's local rules, which they are bound by, when seeking relief. An emergency motion, one seeking the type of relief sought on the face of the current motion, are typically addressed under Rule 4.05 and 3.01(e).

Around or before the time Plaintiff filed her Second Amended Complaint she had the two medical reports she attached to her current motion. Both address the serious and significant medical conditions of the plaintiff and certain care she needs. In the motion, Plaintiff seeks a preliminary injunction against the Department of Corrections under an Eighth Amendment standard, arguing that the FDC is deliberately indifferent to her serious medical needs. Plaintiff asks the Court to order the State to transfer her to a specific private medical facility until her release. Notably, Plaintiff has not asserted in her Second Amended Complaint a claim for injunctive relief against the Secretary of the Florida Department of Corrections, nor do counsel cite to the attached medical reports for some of the more serious allegations.

On December 4, 2019, the Court held a telephonic status conference to schedule a hearing on the pending motion. At the hearing, Defendant, the Florida Department of Corrections, requested an opportunity to submit a written response to the motion, specifically requesting at least a week to respond. Plaintiff was not opposed to Defendant's request for one week to file its written response, nor was Plaintiff opposed to scheduling a hearing approximately a week after the response was filed.

Accordingly, Defendant, the Florida Department of Corrections, shall file a Response to Plaintiff's Motion by the close of business on **December 11, 2019**. Further, an evidentiary hearing on Plaintiff's Motion is hereby scheduled for **December 17, 2019 at 9:00 a.m.** in the United States Courthouse, Courtroom 1A, in Ocala, Florida.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 4th day of December 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Pro Se Parties, Counsel of Record