

401 EAST JACKSON STREET
SUITE 2700
POST OFFICE BOX 3324 (33601-3324)
TAMPA, FLORIDA 33602
TEL 813-273-5000
FAX 813-273-5145

BOCA RATON
FORT LAUDERDALE
FORT MYERS
GAINESVILLE
JACKSONVILLE
KEY WEST
LAKELAND
MELBOURNE
MIAMI
NAPLES
ORLANDO
TALLAHASSEE
TAMPA

EXHIBIT C

September 13, 2019

**VIA EMAIL AND U.S. MAIL**

Steven R. Andrews
Ryan J. Andrews
822 N. Monroe St.
Tallahassee, FL 32303
steve@andrewslaw.com
ryan@andrewslaw.com

Re:   Weimar v. The Florida Department of Corrections

Dear Steve and Ryan:

We are in receipt of your firm's September 11, 2019 letter addressed to Latasha Laiz, Classifications Officer at Lowell Correctional Institution Work Camp, regarding "Legal Visit Requests." As you know, our firm represents the Florida Department of Corrections ("Department") in the lawsuit brought by you on behalf of Cheryl and Karl Weimar. Because the Department is a represented client, all correspondence related to this lawsuit should be addressed to us and not individual employees of the Department. We have also received information that you have attempted to question Department employees, including one who you are now threatening to add as an individual defendant in this lawsuit, regarding events and facts that are related to the allegations contained in your pleading. This line of questioning of a represented party is inappropriate and must cease immediately.

In your September 11th letter, you request to schedule a "legal visit" with five inmates, specifically Paij B. Ellender, Brandy J. Kidder, Merdith L. Sansoucie, Victoria A. Scifo, and Shaunacie K. Thomas. Your letter does not state that you are the legal representative of the aforementioned inmates. Nor does the Department have any information that indicates you are their legal representative. Because your request does not comply with Rule 33-601.711 of the Florida Administrative Code it is denied. I have enclosed a copy of the rule for your convenience.

We are also in receipt of your September 12, 2019 letter in which you state your intention to amend the complaint within the next fourteen days. Your letter requests that Ryan Dionne, Keith Turner, and Yolanda Lanier "be prohibited from having access to our client or any of the witnesses or eyewitnesses to this incident," stating that you "have been made aware of multiple instances of threats and intimidation against inmate witnesses." Your letter, however, provides

**GRAYROBINSON**
PROFESSIONAL ASSOCIATION

Steven R. Andrews
Ryan J. Andrews
September 13, 2019
Page 2

no specifics regarding the alleged "threats and intimidation" or the "inmate witnesses." The Department in unaware of any such threats and/or acts of intimidation. The Department declines to have general staffing issues dictated by your firm.

Very truly yours,

Thomas M. Gonzalez

TMG/njp
Enclosure

cc:   Kenneth Steely
      Alexandria Williams

**33-601.711 Legal Visitors.**

(1) An attorney may visit an inmate whom he represents if the inmate wishes to confer with the attorney and the attorney presents sufficient identification and evidence of his status as an attorney.

(2) An agent of an attorney (a law student, law clerk, paralegal, legal assistant, legal investigator or interpreter) working under the supervision of an attorney may visit an inmate whom the attorney represents, subject to all conditions applicable to the attorney, if the attorney provides a signed statement for each visit stating that the visit is for the purpose of a legal consultation and agreeing to supervise the assistant and to accept professional responsibility for business conducted by the agent on behalf of the attorney.

(3) If more requests for visits by attorneys and assistants are received than can be accommodated, attorney visits shall be given priority over visits by assistants.

(4) Legal visits should be scheduled between 8:00 a.m. and 5:00 p.m., Monday through Friday excluding holidays. A legal visit may be scheduled at other times if, in the opinion of the warden or his designee, such scheduling is necessary to avoid legal disadvantage to the inmate or undue hardship to the attorney.

(5) The warden shall provide an adequate area for attorneys and their representatives to visit their inmate clients in order to insure the privacy of such visits.

(6) Legal documents will not be exchanged between the attorney and the inmate unless the attorney notifies the officer in charge that the exchange of legal documents is necessary and allows a cursory inspection of the legal documents. The officer in charge is authorized to disapprove any legal document exchange if such exchange would present a threat to the security and order of the institution or to the safety of any person. If the attorney disagrees with the decision of the officer in charge, the duty warden shall be contacted to make the final decision.

*Rulemaking Authority 944.09 FS. Law Implemented 20.315, 944.09, 944.23, 944.47 FS. History–New 10-16-83, Formerly 33-5.11, Amended 3-8-98, Formerly 33-5.011, Amended 6-18-02.*



401 EAST JACKSON STREET
SUITE 2700
POST OFFICE BOX 3324 (33601-3324)
TAMPA, FLORIDA 33602
TEL 813-273-5000
FAX 813-273-5145

BOCA RATON
FORT LAUDERDALE
FORT MYERS
GAINESVILLE
JACKSONVILLE
KEY WEST
LAKELAND
MELBOURNE
MIAMI
NAPLES
ORLANDO
TALLAHASSEE
TAMPA

813-273-5000

THOMAS.GONZALEZ@GRAY-ROBINSON.COM

September 16, 2019

**VIA EMAIL AND U.S. MAIL**

Steven R. Andrews
Ryan J. Andrews
822 N. Monroe St.
Tallahassee, FL 32303
steve@andrewslaw.com
ryan@andrewslaw.com

Re:   Weimar v. The Florida Department of Corrections

Dear Steve:

We are in receipt of your two letters dated September 13, 2019. We confirm that your request for a legal visit to interview inmate witnesses is denied because it does not comply with Fla. Admin. Code Rule 33-601.711. That rule applies to legal visits. It specifically provides that an attorney may visit an inmate "whom he represents if the inmate wishes to confer with the attorney." We have no idea what is the relevance of the order which you have attached to your letter but it clearly does not relate to a legal visit.

In your second letter you request that we provide you with the "names of all FDC employees" for two separate topics by "12:00 pm on Wednesday, September 18, 2019." Discovery in this action has not commenced. We therefore will not provide the information in response to your request.

Very truly yours,

Thomas M. Gonzalez

TMG/njp

cc:   Kenneth Steely
      Alexandria Williams