UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHERYL WEIMAR**

    Plaintiffs,

v.                                                       Case No.: 5:19-cv-00548-CEM-PRL

**THE FLORIDA DEPARTMENT
OF CORRECTIONS, Keith Turner,
and Ryan Dionne**

    **Defendants.**
_____/

## CONFIDENTIALITY AGREEMENT BETWEEN THE DEPARTMENT OF CORRECTIONS AND COUNSEL FOR PLAINTIFFS

1. This Agreement governs the handling, maintenance, storage, use, and discussion of records, documents, audio or videotapes, or electronically stored data that are restricted by the Florida Department of Corrections based upon security and safety concerns as provided in § 119.071, Florida Statutes, § 945.10, Florida Statutes, or any other state law confidentiality provision, that are produced by or obtained from the Florida Department of Corrections through discovery or through exchange of information between counsel for the Department of Corrections and counsel for the parties to the proceedings in this case. This Agreement is intended to maintain the confidentiality of documents or information whether produced previously or in the future, that are within the exemption provisions of § 119.071, Florida Statutes, or § 945.10, Florida Statutes, or any other state law confidentiality provision as well as all applicable provisions of the Florida Department of Corrections' security procedures and rules. The materials subject to this Agreement are as follows and any further created materials derived from the foregoing documents:

[LIST TO BE ADDED LATER BY AGREEMENT OF THE PARTIES AND/OR THEIR COUNSEL]

    2. The following definitions shall apply to this Agreement:

        (a) "Parties" shall mean and refer to the Plaintiffs and each Defendant in the above captioned cases.

        (b) "Qualified person(s)" shall mean and refer to:

            i. Private and state government counsel who have appeared for a party in this case and regular and temporary employees of such counsel assisting in the conduct of this case, including employees of any firm retained to reproduce the discovery material for use in accordance with this Agreement;

            ii. Experts or consultants assisting counsel in this litigation;

            iii. Employees of any party who are required to assist counsel in the conduct of this action;

            iv. Deponents, and their counsel, during the course of depositions taken in this action, and court reporters and persons preparing transcripts of depositions;

            v. The Court and Court personnel, pursuant to Paragraph 9 of this Agreement; and,

            vi. Other persons only upon order of the Court.

    3. Confidential information as set out in this Agreement, including applicable portions of depositions, shall only be filed with the Court under seal; however, no party shall file a document

or other confidential material under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

4. Confidential discovery materials covered by this Agreement shall be used only for this litigation. Under no circumstances, other than those specifically provided in this Agreement or court orders, shall such material be disclosed to persons other than qualified persons as clarified in 2(b) above.

5. Confidential discovery materials covered by this Agreement may be shown as provided to consultants and experts retained for the preparation of this litigation only after an attorney for the party employing such consultant or expert has obtained from the consultant or expert an executed Acknowledgment and Agreement (Exhibit A) to be subject to the terms of this Agreement. Counsel shall maintain a log of all such consultants and experts or others who have seen or been provided confidential materials.

6. Each person given access to confidential discovery materials covered by this Agreement or information derived therefrom shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Agreement and may not be disclosed other than pursuant to its terms.

7. Confidential discovery materials covered by this Agreement may be disclosed to Qualified Persons only for the purposes of this litigation and shall not be shared by them with any other person. Before such disclosure is made to such employee, counsel shall comply with the requirements of paragraph 6.

8. In the event that counsel for any party determines to file in or submit to the Court any confidential discovery materials covered by this Agreement or information derived therefrom, or any papers containing such material or information, after obtaining an Order of the Court

pursuant to paragraph 3 herein, such documents shall be placed in sealed envelopes or sealed containers on which shall be endorsed:

>  (a) the caption, as specified in Paragraph 2(a) of this Agreement;

>  (b) the name of the party filing the sealed envelope or other appropriately sealed container and an indication of the nature of the contents; and

>  (c) a statement substantially in the following form:

> [DISCLOSING PARTY'S NAME]

> CONFIDENTIAL

> This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

9. When confidential documents or information covered by this Agreement are presented, quoted or referenced in any deposition, hearing or other pretrial proceeding, the attorneys for the parties shall make arrangements, or when appropriate, request the court to make arrangements to ensure that only qualified persons are present during such presentation, quotation, or reference. The application of this paragraph is for the present limited to pretrial proceedings. Comparable measures will be requested for trial, if necessary.

10. If any party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. To preserve its "Confidential" designation, the producing party, within ten (10) calendar days after receipt of any such notice, must apply to the court for a ruling that the discovery material objected to shall be treated as designated, and notice of such application shall be provided to all other parties. If no such application is made, the discovery material will cease to be treated as designated. If an

application is made, until the Court enters an order, if any, determining the designation of the discovery material objected to, such discovery material shall be treated as designated and protected as provided in this Agreement.

11. Producing or receiving materials or otherwise complying with the terms of the Agreement shall not:

> (a) Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or
>
> (b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or
>
> (c) Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or
>
> (d) Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

12. Any additional persons who become parties to this litigation, are subject to this order.

13. Within thirty (30) days of conclusion of this litigation including appeals thereof, all confidential discovery materials governed by this Agreement that were supplied by the parties and all copies thereof shall be returned to the producing party. All confidential discovery materials governed by this order which are electronically stored in any manner by Plaintiff's counsel or counsel's agent must be permanently deleted.

14. Counsel for the Plaintiff shall not transfer the possession of confidential records and documents governed by this Agreement to the Plaintiff. If counsel withdraws from representation

of the Plaintiff, counsel for Plaintiff shall return the materials to the producing party within fourteen (14) days of the Court's Order permitting withdrawal.

15. Counsel for the Plaintiff shall not share or disclose confidential records and documents governed by this order with the Plaintiff, with the exception that the Plaintiff Cheryl Weimar may be allowed to <u>view</u>, in the presence of her counsel, the photographs or videos of the incident identified in the complaint which are listed in paragraph 1. No other documentation, records, or information deemed confidential and covered by this Agreement shall be shared with or disclosed to the Plaintiff absent specific written consent by counsel for the Florida Department of Corrections or an agreement of the Court.

16. The obligation to maintain confidentiality pursuant to this Agreement shall continue after the conclusion of this case.

**SIGNATURES:**

_____
Attorney for Plaintiffs
Date: 1/21/20

_____
Attorney for Department of Corrections
Date: 2·22·2020

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**Exhibit A**

**ADDENDUM TO CONFIDENTIALITY AGREEMENT BETWEEN THE OFFICE OF THE ATTORNEY GENERAL AND COUNSEL FOR THE PLAINTIFF**

The undersigned who has been engaged as a consultant or expert in the above-referenced action hereby acknowledges that he/she has read the Confidentiality Agreement on personal and security information executed in this cause, understands the terms thereof, and agrees to be bound by such terms.

Date: _____

_____