UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHERYL WEIMER,

     Plaintiff,

v.                                                                  Case No.: 5:19-cv-548-Oc-41PRL

THE FLORIDA DEPARTMENT OF
CORRECTIONS, KEITH TURNER,
and RYAN DIONNE

     Defendants.

_____/

## DEFENDANTS' KEITH TURNER AND RYAN DIONNE JOINT RESPONSE IN OPPOSITION TO PLAINTIFF CHERYL WEIMER'S MOTIONS FOR SUMMARY JUDGMENT WITH SUPPORTING MEMORANDUM OF LAW

Defendants Keith Turner ("Turner") and Ryan Dionne ("Dionne") hereby move this Court to defer considering or deny Plaintiff Cheryl Weimer's ("Weimer") Motions for Summary Judgment to allow time to complete discovery under Rule 56(d) of the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

According to Rule 56(d),

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

In practice, "the Eleventh Circuit has held that the filing of an affidavit is not required to invoke the protection of the rule." *Northfield Ins. Co. v. Ayyad Bros.*

*Enterprises, LLC*, 219CV482FTM29MRM, 2020 WL 533936, at *2 (M.D. Fla. Feb. 3, 2020) (citing *Snook v. Tr. Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988)). Only that "[t]he party opposing the motion for summary judgment bears the burden of alerting the Court to any outstanding discovery, but a written representation by the party's lawyer still falls within the spirit of the rule, and '[f]orm is not to be exalted over fair procedures.'" *Id.* (quoting *Snook*, 859 F.2d at 871).

Furthermore, "Rule 56 requires adequate time for discovery prior to entry of summary judgment." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Therefore, "[e]ntry of summary judgment before the nonmoving party has had time to conduct discovery constitutes reversible error." *Id.* (citing *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)).

*Northfield* goes on to state "[a] party has the right to challenge the factual evidence presented by the moving party by conducting sufficient discovery so as to determine if he may furnish opposing affidavits." *Id.* (citing *Snook*, 859 F.2d at 870). Furthermore, "[t]he Eleventh Circuit has cautioned that 'summary judgment may only be decided upon an adequate record.'" *Id.* (quoting *Snook*, 859 F.2d at 870). In summary, "'[t]he law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to the consideration of the motion.'" *Id.* (quoting *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997)).

In the instant case, the discovery deadline does not expire until June 1, 2020 and dispositive and *Daubert* motions are not due until July 1, 2020. Plaintiff's Motion for Summary Judgment relies on the sworn statements and affidavits of four alleged

eyewitnesses, one of whom is currently incarcerated.  Defendants have not yet had the opportunity to cross examine these alleged witnesses although their depositions have been scheduled.  Additionally, Defendants are still obtaining necessary documentation from the Department of Corrections which is critical for the defense of Defendants Turner and Dionne.

"Because discovery is ongoing, [Defendants do] not yet have all the information needed to respond to summary judgment [a]nd [since] discovery does not close for over three months, . . . summary judgment is premature." *Diamond Lake Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 219CV547FTM38NPM, 2020 WL 619062, at *1 (M.D. Fla. Feb. 10, 2020) (citations omitted). "Ruling on the merits of a case in which a motion for summary judgment has been prematurely filed would frustrate the non-movant's right to investigate factually." *United States v. Oury*, 219CV170FTM38NPM, 2019 WL 6728266, at *2 (M.D. Fla. Dec. 11, 2019) (citing *Blumel v. Mylander*, 919 F. Supp. 423, 429 (M.D. Fla. 1996)).

**CONCLUSION**

In accordance with the previously stated statutory and case law, this Court should defer considering or deny Plaintiff Cheryl Weimer's ("Weimer") Motions for Summary Judgment to allow time to complete discovery under Rule 56(d) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Robert B. Buchanan
Robert B. Buchanan
Florida Bar No. 063400
Siboni & Buchanan, PLLC

1900 SE 18th Avenue, Suite 300
Ocala, Florida 34471
Telephone No.: (352) 629-7441
Facsimile No.: (352) 629-7745
rbuchanan@sbtrial.com
aperry@sbtrial.com
Attorney for Defendant Keith Turner

/s/ Thomas R. Thompson
Thomas R. Thompson, Esq.
Florida Bar No. 890596
Mallory R. Bennett, Esq.
Florida Bar No. 124039
Thompson, Crawford & Smiley
1330 Thomasville Road
Tallahassee, Florida 32303
Telephone No.: (850) 386-5777
tom@tcslawfirm.net
mallory@tcslawfirm.net
rebecca@tcslawfirm.net
Attorney for Defendant Ryan Dionne

### CERTIFICATE OF SERVICE

I hereby certify that on this **2nd** day of **March 2020** a true and correct copy of the

foregoing was electronically filed with the Clerk of the Court for the U.S. District Court

for the Middle District of Florida by using the CM/ECF system, which will send a notice

of electronic filing to all counsel of record.

/s/ Robert B. Buchanan
Robert B. Buchanan