UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHERYL WEIMAR,**

**Plaintiff,**

**v.**                                                   **Case No:  5:19-cv-548-Oc-41PRL**

**FLORIDA DEPARTMENT OF
CORRECTIONS, KEITH TURNER and
RYAN DIONNE,**

**Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant Keith Turner's Amended Motion to Dismiss Count I of Plaintiff's Second Amended Complaint ("Amended Motion," Doc. 49). Plaintiff filed a Response in Opposition to the Amended Motion ("Response," Doc. 68). As set forth below, the Amended Motion will be denied.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the

allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id*. at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1323.

## II.   ANALYSIS

Turner appears to allege that the Second Amended Complaint violates the fourth type of shotgun complaint. Turner claims that Plaintiff's allegations against him "include fifty paragraphs, twenty-four of which refer to him by name. Of those, twenty-two lump Turner with another defendant providing no factual basis to distinguish their conduct and making it virtually impossible to ascertain from the Complaint which defendant committed which alleged act." (Doc. 49 at 2).

A dismissal under Rules 8(a)(2) and 10(b) is appropriate where "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added). No such virtual impossibility exists in this case. The allegations describe Turner's joint conduct with Defendant Dionne, stating both Defendants committed the acts as stated, form the basis of an excessive force claim. The one exception, Paragraph 38, alleges "[e]ither Defendant Turner *or* Defendant Dionne stated that he 'beat [Plaintiff] stupid because she couldn't clean a toilet.'" (Doc.

35 at 9) (emphasis added). This allegation clearly attributes this statement to one of the two individually named Defendants in this action.

### III.   CONCLUSION

Because the Second Amended Complaint is not a shotgun pleading, the Amended Motion will be denied.

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. Defendant Turner's Amended Motion to Dismiss (Doc. 49) is **DENIED**.

2. Defendant Turner shall, pursuant to Fed. R. Civ. P. 12(a)(4), file an Answer on or before April 27, 2020.

**DONE** and **ORDERED** in Orlando, Florida on April 13, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record