## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**CHERYL WEIMAR,**

      **Plaintiff,**

**v.**                                                                                    **Case No. 5:19-cv-548-Oc-41PRL**

**THE FLORIDA DEPARTMENT
OF CORRECTIONS, KEITH
TURNER, and RYAN DIONNE,**

      **Defendants.**

_____/

## ORDER

In her motion filed on March 16, 2020, the plaintiff states that she's used six of her ten available depositions (as provided for in the case management order) and seeks leave to depose 22 individuals beyond the typical ten. (Docs. 98). She identifies those individuals she would still like to depose as 12 FDC inmates, two non-FDC inmates (a former inmate and a current inmate at a county facility), and 12 additional witnesses who FDC listed in its initial disclosures. Relatedly, she also seeks leave under Rule 30 to depose those incarcerated witnesses (13 in total) (Doc. 99) and moves to compel dates for depositions from the defendants and complains specifically about the State's level of cooperation. (Doc. 100).

The State opposes the motion for additional depositions, as well as the two related motions. (Docs. 110, 112). While it is conceivable that a case in a prison setting, with significant life altering injuries, could easily need more than ten depositions (before, during, and after inmate witnesses, as the plaintiff recites; officers, those directly and indirectly involved; and medical providers, just to name a few) the State notes that not only has plaintiff failed to exhaust the initial ten depositions, but she has also failed to make a particularized showing why the 22 additional depositions are now

necessary. *Ariel Syndicate 1910 v. Paramount Disaster Recovery, LLC*, 2018 WL 1988866, at *2 (M.D. Fla. Jan. 4, 2018) ("The party seeking leave to take additional depositions generally must have exhausted his or her ten depositions, justify the need for those ten depositions, and must make a particularized showing why the extra depositions are necessary.") (citations omitted).

Since these motions by the plaintiff were filed the Court has granted her request to compel additional discovery from the State. Plaintiff has also sought, and been granted, leave to depose inmate Victoria Scifo, whose deposition is presumably within the initial ten. While it seems plausible that more than ten depositions in this case will be granted (plaintiff recently states, e.g., that she has videos showing more than two dozen eyewitnesses (Doc. 115)), it also seems (consistent with the case law) that something more than "they have personal knowledge" needs to be said about the individuals plaintiff seeks to depose beyond the ten.

Instead of, for example, lumping all witnesses into a large category and then generally saying collectively that some of them saw the plaintiff before the beating, saw the beating itself, or saw plaintiff after the beating, she should, to the extent she can, identify those individuals who saw (or are believed to have seen) the events that plaintiff seeks the testimony of and why. It certainly seems obvious on its face that an eyewitness deposition is necessary, but as the State notes, even if multiple witnesses have the same relevant information that doesn't necessarily mean each one should be deposed. Perhaps they should be in this case, but here the plaintiff doesn't tell us why. Similarly, while 12 of the proposed deponents where identified in the State's initial disclosures (according to plaintiff), that alone doesn't tell the Court (or the defendants) why plaintiff needs to depose them beyond the initial ten. Again, maybe they all should be, but plaintiff should say why (or cite a controlling case that says every individual listed by an opposing party in an initial disclosure can be deposed beyond the initial ten merely because they were listed).

As noted by the Court before, parties are entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors. Fed. R. Civ. P. 26(b)(1). Under Rule 26, however, the Court has broad discretion to limit the time, place, and manner of discovery as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court's exercise of discretion to appropriately fashion the scope and effect of discovery will be sustained unless it abuses that discretion to the prejudice of a party. *Amey, Inc. v. Gulf Abstract & Title, Inc*., 758 F.2d 1486, 1505 (11th Cir.1985).

Relevancy and proportionality are the guiding principles: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). In order to determine the scope of discovery the Court and the parties must consider and evaluate "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Comment, 2015 Amendment).

As also stated, "Discovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the Court are justifiably proud of the courteous practice that is traditional in the Middle District." MIDDLE DISTRICT DISCOVERY (2015) at 3. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Part of being cooperative, courteous, and civil can include finding solutions to problems and efficiently handling disputes that may be meaningfully fought,

but ultimately result in getting to the same place in a longer way. Of course, it is also true that being cooperative, courteous, and civil doesn't mean that parties can't be adversarial, or attorneys anything less than zealous advocates.

Generally, as the comments to the 2015 Amendment to Fed. R. Civ. P. 26 acknowledge, "discovery will be effectively managed by the parties." But as the comments also acknowledge, "there will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own." Fed. R. Civ. P. 26.

While the Court could fashion some remedy on the papers (denying the motions for lack of particularity or allowing some other number of additional depositions with leave to seek more and the same guidance about the need for particularity, as the Court in *Ariel Syndicate 1910* did), at this time the Court will afford the parties an additional opportunity to confer. The Court has scheduled a hearing on this case for Thursday, March 16, 2020. The parties (particularly counsel for plaintiff and the State) shall confer by telephone about these outstanding motions in light of this order before the hearing. If some agreement can be reached, they shall inform the Court at the hearing. If none can be reached, then plaintiff shall be prepared to further explain the need for the depositions sought and the State its reasons for continued opposition.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 13th day of April 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Pro Se Parties, Counsel of Record