UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHERYL WEIMAR,

    Plaintiff,

vs.                                                CASE NO. 5:19-cv-548-CEM-PRL

THE FLORIDA DEPARTMENT OF
CORRECTIONS, KEITH TURNER,
and RYAN DIONNE,

    Defendants.
_____/

## DEFENDANT TURNER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Comes Now Defendant, Keith Turner (hereinafter referred to as "Lieutenant Turner"), by and through his undersigned counsel, and hereby responds to Plaintiff's Second Amended Complaint as follows:

### INTRODUCTION

1. Denied.

### JURISDICTION AND VENUE

2. Admitted the above-entitled Court has subject matter jurisdiction. Otherwise, denied

3. Admitted.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

## THE PARTIES

6. It is admitted Plaintiff Weimar was and is an inmate within the custody and control of Florida Department of Corrections and that she was housed at Lowell Correctional Institution. Otherwise, without knowledge, therefore denied.

7. Denied that Lieutenant Turner inflicted life-threatening injuries, including a broken neck to Plaintiff. Otherwise, without knowledge, therefore denied.

8. Admitted Lieutenant Turner was a correctional officer employed by Florida Department of Corrections who worked at Lowell Correctional Institution. Otherwise, denied.

9. Without knowledge, therefore denied.

## FACTS

10. Admitted Plaintiff Weimar is an inmate incarcerated in the Florida Department of Corrections' prison system. Otherwise, without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

**Defendants Turner and Dionne Should Have Never Had the Opportunity to Brutally Attack and Use Excessive Force on Plaintiff**

15. Denied.

16. Without knowledge, therefore denied.

**The Brutal Attack on Cheryl Weimar**

17. Denied.

18. Admitted Plaintiff Weimar's work assignment on August 1 one, 2019 was to clean toilets at the Lowell Correctional Institution work camp. Otherwise, without knowledge, therefore denied.

19. Denied.

20. Without knowledge, therefore denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Without knowledge, therefore denied.

38. Denied Lieutenant Turner stated that he beat Plaintiff Weimar stupid because she couldn't clean the toilet. Otherwise, without knowledge, therefore denied

39. Denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

**FDC ADA Coordinator**

42. Without knowledge, therefore denied.

43. Without knowledge, therefore denied.

**COUNT I**
**42 U.S.C. § 1983 – EIGHTH AMENDMENT**
**(*Against Defendants Turner and Dionne*)**

44. Lieutenant Turner incorporates and realleges his responses to paragraphs 1 through 43, as if fully set forth herein.

45. Without knowledge, therefore denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

**COUNT II**
**TITLE II OF THE AMERICANS WITH DISABILITIES ACT (ADA) (*Against Defendant FDC*)**

51-69.  Because Count II and its various paragraphs contain no direct allegations against Lieutenant Turner, no response is required, and none is offered. Otherwise, denied.

**COUNT III**
**SECTION 504 OF THE REHABILITATION ACT (RA)**
**(*Against Defendant FDC*)**

70-79.  Because Count III and its various paragraphs contain no direct allegations against Lieutenant Turner, no response is required, and none is offered. Otherwise, denied.

## AFFIRMATIVE DEFENSES

Now having fully answered Plaintiff's Second Amended Complaint, Lieutenant Turner asserts the following as further, separate and alternate, affirmative defenses to the claims of Plaintiff as follows:

80. As an affirmative defense, Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, or alternatively, Plaintiff cannot establish essential claims of the causes of actions asserted against Lieutenant Turner in the Second Amended Complaint.

81. As a further affirmative defense, qualified immunity applies to these facts as alleged by Plaintiff and is a complete bar to Plaintiff's constitutional allegations against Lieutenant Turner. Specifically, all actions of Lieutenant Turner were undertaken pursuant to discretionary authority and within the course and scope of his employment, were taken in good faith and were not contrary to obligations created by clearly established law. Therefore, Lieutenant Turner is entitled to qualified immunity. Moreover, the conduct of Lieutenant Turner did not violate any clearly established statutory or constitutional right of which a reasonable person would have known, and based on established law, Lieutenant Turner could not have been expected to reasonably know that such actions would violate an alleged constitutional standard as alleged in Plaintiff's Second Amended Complaint. In addition, Lieutenant Turner was acting in the capacity of his employment and because he did not violate any clearly established laws or rights in carrying out duties, qualified immunity applies.

82. As a further affirmative defense, Lieutenant Turner acted in good faith and in accordance with all statutes, rules, and regulations, both state and federal, and in accordance with FDOC's own internal policies, rules and procedures.

83. As a further affirmative defense, all actions of Lieutenant Turner were objectively and subjectively reasonable given the totality of circumstances and therefore comport with the Eighth Amendment to the United States Constitution.

84. As a further affirmative defense, any actions towards Plaintiff were taken in good faith, reasonable and without malice based on facts and circumstances presented.

85. As a further affirmative defense, at no time did Lieutenant Turner deprive Plaintiff of her clearly established constitutional rights. Moreover, Lieutenant Turner denies that Plaintiff has been deprived of any rights, privileges, or immunities secured by the Constitution of the United States or the State of Florida.

86. As a further affirmative defense, the conduct of Lieutenant Turner did not go beyond all possible bounds of decency and cannot be regarded as shocking, atrocious, and utterly intolerable under the totality of the circumstances.

87. As a further affirmative defense, the conduct of Lieutenant Turner is not the proximate cause of any alleged injury to Plaintiff, which were the consequences of her own conduct.

88. As a further affirmative defense, Plaintiff's claims may be barred by the Prison Litigation Reform Act and Plaintiff may have failed to meet the conditions precedent to bringing certain claims in this action.

89. As a further affirmative defense, all or part of the claims asserted against Lieutenant Turner are barred by the applicable statute of limitations.

90. As a further affirmative defense, to the extent any claims asserted by Plaintiff are in essence, claims based in negligence, liability if any, is limited in accordance with the provisions of Florida's limited waiver of sovereign immunity as provided in §768.28, Florida Statutes and in addition, §768.28(5), Florida Statutes, provides that neither the state nor its agencies or subdivisions are liable to pay a claim or judgment which exceeds $200,000 per claim.

1. As a further affirmative defense, to the extent any claims asserted by Plaintiff are in essence, claims based in negligence, Lieutenant Turner is entitled to have the alleged damages of Plaintiff, if any, apportioned among all persons or entities responsible, such apportionment to be determined by the trier of fact herein. Lieutenant Turner gives notice that he intends to request that such responsible parties, persons or entities, including Plaintiff and any medical personnel (or agencies who employed them) who attended or should have attended Plaintiff on August 21, 2019 either in the Lowell work Camp or at the main medical facility, be placed on the verdict form in this cause. Lieutenant Turner gives notice he intends to request the following individuals be placed on the verdict form including, but not limited to:

1. Nurse D. Coates, RN
2. Dr. J. Rodriguez
3. Shirley Roessner, LPN
4. Curtis Dwares, ARNP

92. The nurse (name unknown) who refused to attend to Plaintiff Weimar when she was brought to the Lowell Work Camp immediately following the Use of Force implemented by Lieutenant Turner and CO Dionne pursuant to DOC policy and procedure.

93. Discovery is continuing and there may be other persons or entities whose identity is presently unknown, or whose identity is known but their potential responsibility is not yet ascertained, who may be responsible.

94. As a further affirmative defense, Plaintiff's claims are barred by the doctrines of estoppel, judicial estoppel, waiver and unclean hands. Moreover, Plaintiff's own acts or omissions bar the claims asserted.

95. As a further affirmative defense, while Lieutenant Turner denies any and all liability, alternatively, he asserts that Plaintiff's injuries were caused solely or partially by the negligence, indifference, or intentional acts of persons or entities other than himself.

96. As a further affirmative defense, the conduct of Lieutenant Turner was not the proximate cause of any injury to Plaintiff. The circumstances and events leading to Plaintiff's injuries were not foreseeable and were consequences of the conduct of Plaintiff or others. The conduct of Plaintiff and others constituted an independent, superseding and intervening cause of Plaintiff's alleged damages.

97. As a further affirmative defense, to the extent that Plaintiff's claimed damages were caused by an unforeseeable, superseding and/or intervening act over which Lieutenant Turner had no control, he is not liable for such damages.

98. As a further affirmative defense, as to any non-constitutional claim, pursuant to §768.28(9)(a), Florida Statutes, Lieutenant Turner is immune from suit since the alleged acts causing the alleged harm are not outside the course and scope of his employment, and were not committed in bad faith, with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

99. As a further affirmative defense, the Plaintiff's claims against Lieutenant Turner do not rise to the level of deliberate indifference to the needs of Plaintiff or to the level of cruel and unusual punishment to constitute a violation of the Eighth Amendment.

100. As a further affirmative defense, Lieutenant Turner is entitled to the limitations of liability contained within Florida and Federal law including but not limited to 42 U.S.C. 1981. Any verdict or judgment against Lieutenant Turner should be limited accordingly.

101. As a further affirmative defense, Lieutenant Turner is entitled to a set-off for any benefits paid by collateral sources.

102. As a further affirmative defense, Plaintiff's Second Amended Complaint and its various allegations are barred by the immunity afforded Lieutenant Turner pursuant to the Eleventh Amendment of the United States Constitution.

103. As a further affirmative defense, the claims against Lieutenant Turner should be barred because he did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights or safety.

104.    As a further affirmative defense, the claims against Lieutenant Turner should be barred based upon the principle of any or all of the Defendants' qualified immunity as their actions were part of their discretionary authority, did not violate clearly established statutory or constitutional rights that a reasonable person would have known, nor were said actions deliberately indifferent to the needs of Plaintiff.

105.    As a further affirmative defense, Lieutenant Turner's conduct did not subject Plaintiff to a deprivation of rights, privileges or immunities secured by the United States Constitution or laws.

**DEMAND FOR JURY TRIAL**

Defendant, Keith Turner demands a jury trial for all counts alleged above.

DATED this 20th day of April, 2020

SIBONI & BUCHANAN, PLLC

/s/ Robert B. Buchanan
Robert B. Buchanan, Esquire
Florida Bar No. 063400
1900 SE 18th Avenue, Suite 300
Ocala, Florida 34471
Telephone No.: (352) 629-7441
Facsimile No.: (352) 629-7745
rbuchanan@sbtrial.com
aperry@sbtrial.com
Attorney for Defendant Keith Turner

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the U.S. District Court for the Middle District of Florida by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Robert B. Buchanan
Robert B. Buchanan, Esquire
Florida Bar No. 063400