UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHERYL WEIMAR,**

**Plaintiff,**

**v.**                                              **Case No:  5:19-cv-548-Oc-41PRL**

**FLORIDA DEPARTMENT OF
CORRECTIONS, KEITH TURNER and
RYAN DIONNE,**

**Defendants.**

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Corrected Motion for Summary Judgment against Defendant Turner ("Turner Motion," Doc. 82) and Plaintiff's Motion for Summary Judgment against Defendant Dionne ("Dionne Motion," Doc. 83). Defendants filed a Joint Response in Opposition ("Response," Doc. 92). Plaintiff filed a Reply ("Reply," Doc. 102). For reasons set forth below, the motions are denied without prejudice.

## I.     FACTUAL BACKGROUND

Plaintiff filed a Civil Rights Complaint ("Complaint," Doc. 1) pursuant to 42 U.S.C. § 1983 and is proceeding on her Second Amended Complaint ("Second Amended Complaint," Doc. 35). Plaintiff alleges Defendants Turner and Dionne violated her Eighth Amendment right to be free from cruel and unusual punishments when they applied force maliciously and sadistically for the very purpose of causing harm to Plaintiff. (Doc. 35 at 11-12). Plaintiff states that after she was handcuffed, Defendants delivered lethal blows which ultimately broke her back and neck. (*Id*. at 8-9). As a result, Plaintiff is now a quadriplegic. (*Id*. at 9). Plaintiff seeks the entry of an Order

granting judgment against Defendants Turner and Dionne for their use of excessive force to cause harm to Plaintiff in violation of the Eighth Amendment. (Docs. 82, 83).

## II.   LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion with materials in the record, including depositions, documents, affidavits, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A).

Rule 56(d) expressly provides that the Court may deny a motion for summary judgment if a non-movant shows by affidavit or declaration that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). However, the Eleventh Circuit has held that the filing of an affidavit is not required to invoke the protection of the rule. *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988). The party opposing the motion for summary judgment bears the burden of alerting the Court to any outstanding discovery, but a written representation by the party's lawyer still falls within the spirit of the rule, and "[f]orm is not to be exalted over fair procedures." *Id.* (citation omitted).

Rule 56 requires adequate time for discovery prior to entry of summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Entry of summary judgment before the nonmoving party has had time to conduct discovery constitutes reversible error. *See WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988). A party has the right to challenge the factual evidence presented by the moving party by conducting sufficient discovery so as to determine if he may furnish opposing affidavits. *Snook*, 859 F.2d at 870. The Eleventh Circuit has cautioned that "summary judgment

may only be decided upon an adequate record." *Id.* (citation omitted); *see also Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to the consideration of the motion.").

### III.   ANALYSIS

Defendants move this Court to defer or deny the Turner Motion and Dionne Motion to allow time to complete discovery under Rule 56(d). Defendants state that the discovery deadline does not expire until June 1, 2020, and dispositive motions are not due until July 1, 2020. Defendants state that they have not had the opportunity to cross-examine the witnesses that provided the statements relied upon by Plaintiff in both the Turner and Dionne Motions, but that depositions have been scheduled. (Doc. 92 at 3). Further, Defendants argue that they are still obtaining "necessary documentation from the Department of Corrections which is critical for the defense of Defendants Turner and Dionne." (*Id.* at 3).

Defendants' argument on incomplete discovery is well taken. The discovery deadline is over one month away. *See* Doc. 69 (Case Management and Scheduling Order). Plaintiff moved for summary judgment four months before the end of discovery. And she did so on the same day she filed an Unopposed Motion for Leave to take the Deposition of Inmates (Doc. 77) and a Motion to Compel (Doc. 78) seeking an order compelling the Florida Department of Corrections to "properly respond" to interrogatories, produce documents, videos, and audio recordings, and emails. On the day after she filed the Turner and Dionne Motions, Plaintiff filed an Unopposed Motion for Leave to take the Deposition of Current Inmate, Jessica Saleman, (Doc. 86), an inmate whose sworn statement was filed as an exhibit in support of both Motions. *See* Doc. 80. Plaintiff subsequently filed a Motion for Adverse Inferences Against Defendant Florida Department of

Corrections based on Turner's and Dionne's invocation of the Fifth Amendment privilege against self-incrimination at their depositions. (Doc. 88). Plaintiff has also filed a Partially Unopposed Motion for Leave to take Additional Depositions (Doc. 98), a Partially Unopposed Motion for Leave to Take the Depositions of Current Inmates (Doc. 99), and a Motion to Compel Deposition Dates. (Doc. 100). Following a hearing on April 16, 2020, Plaintiff's request for leave to take additional depositions was granted to allow Plaintiff to take an additional eleven depositions, for a total of twenty-one. (Doc. 130). Plaintiff has also requested additional time to submit an expert report from a biomechanics engineer. (Doc. 127). It is clear that discovery is still on-going.

Therefore, good cause exists to deny Plaintiff's Motions for Summary Judgment under Rule 56(d) with leave to refile. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Classic Yacht Serv., Inc.*, No. 2:18-cv-153-FtM-99UAM, 2019 WL 1858294, at *1 (M.D. Fla. Apr. 25, 2019) (denying summary judgment on this basis); *see also Mullins-Shurling v. Sch. Bd. of Lee Cty.*, No. 2:15-cv-323-FtM-38CM, 2016 WL 3570958, at *1 (M.D. Fla. July 1, 2016); *Kennedy v. W. Coast Dev. Corp. of Naples, Inc.*, No. 2:15-cv-736-FtM-38MRM, 2016 WL 614611, at *1 (M.D. Fla. Feb. 16, 2016).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Corrected Motion for Summary Judgment against Defendant Turner (Doc. 82) is **DENIED** without prejudice with leave to refile after the discovery period has closed.

2. Plaintiff's Motion for Summary Judgment against Defendant Dionne (Doc. 83) is **DENIED** without prejudice with leave to refiled after the discovery period has closed.

**DONE** and **ORDERED** in Orlando, Florida on April 22, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record