UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHERYL WEIMAR,**

      **Plaintiff,**

v.                                             Case No:  5:19-cv-548-Oc-41PRL

**FLORIDA DEPARTMENT OF
CORRECTIONS, KEITH TURNER and
RYAN DIONNE,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Partial Summary Judgment ("Motion," Doc. 85) against Defendant Florida Department of Corrections. Defendant Florida Department of Corrections ("FDC") filed a Response in Opposition ("Response," Doc. 95). Plaintiff filed a Reply ("Reply," Doc. 105). For the reasons set forth below, the Motion is granted, in part.[1]

### I.    FACTUAL BACKGROUND

Plaintiff is an inmate in the FDC and has been incarcerated since January 21, 2016. When Plaintiff entered FDC's custody, an initial healthcare screening was conducted, and she was diagnosed with major depressive disorder ("MDD") by FDC staff. (Doc. 80-1 at 13). Plaintiff was regularly prescribed medications for her MDD and she was monitored by FDC's mental health staff at each facility she was housed. (Doc. 80-5 at 51-110; Doc. 80-6 at 1-92; Doc. 80-7 at 25-43;

---

[1] Throughout the Motion Plaintiff vacillates between seeking summary judgment on the issue of whether Plaintiff is a qualified individual with a disability and whether Plaintiff has a disability. This Order addresses only whether Plaintiff has a disability.

Doc. 80-8 at 74-110; Doc. 80-9 at 1-93; Doc. 80-10 at 1-30). FDC medical records reflect Plaintiff's diagnosis with and recorded history of MDD.

Plaintiff filed a Civil Rights Complaint ("Complaint," Doc. 1) pursuant to 42 U.S.C. § 1983 and is proceeding on her Second Amended Complaint ("Second Amended Complaint," Doc. 35). Specifically, Plaintiff asserts claims against Defendants Turner and Dionne for intentionally using excessive force in violation of the Eighth Amendment to the United States Constitution (Count I) and Defendant FDC for discrimination on the basis of disability in violation of the Title II of the Americans with Disabilities Act ("ADA") (Count II) and Section 504 of the Rehabilitation Act ("RA") (Count III). Plaintiff seeks the entry of an Order granting partial summary judgment against Defendant FDC as to the disability element of her ADA and RA claims. (Doc. 85 at 1).

## II.  LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, when faced with a "properly supported motion for summary judgment," the nonmoving party "must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or

whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (quoting *Anderson*, 477 U.S. at 251–52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

### III.   DISCUSSION

Plaintiff alleges that she has a disability as defined by the ADA. Defendant argues that Plaintiff has failed to establish that she is a qualified individual with a disability. (Doc. 95 at 1-2). Alternatively, Defendant argues Plaintiff's Motion should be "denied, or deferred" pursuant to Rule 56(d), Fed. R. Civ. P, to allow for additional discovery. (*Id.* at 11-14).

To state a claim under the ADA and RA, a plaintiff must allege: "(1) that he is a qualified individual with a disability; and (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 477 (11th Cir. 2015) (unpublished) (quoting *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007)). "With the exception of its federal funding requirement, the RA uses the same standards as the ADA, and therefore, cases interpreting either are applicable and interchangeable." *Badillo v. Thorpe*, 158 F. App'x 208, 214 (11th Cir. 2005) (unpublished). Plaintiff only seeks summary judgment on the disability portion of the first factor of this test.

The term "disability" under the ADA is a "physical or mental impairment that substantially limits one or more" of an individual's "major life activities." 42 U.S.C. § 12102(1). "Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing,

hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentration, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Major life activities also "includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S.C. § 12102(2)(B). Additionally, "the term 'substantially limits' shall be construed broadly in favor of expansive coverage." 28 C.F.R. § 35.108(d)(1)(i). "[T]he threshold issue of whether an impairment substantially limits a major life activity should not demand extensive analysis." 28 C.F.R. § 35.108(d)(1)(ii).

Plaintiff has MDD which substantially limits her brain function. *See* 28 C.F.R. § 35.108(d)(2)(iii)(K) ("Major depressive disorder... substantially limits brain function). Plaintiff's medical records further show that she has attempted suicide three times, although these attempts occurred prior to her incarceration, follow-up monitoring was scheduled. (Doc. 80-8 at 78-80). This shows that her mental illnesses substantially limit her ability to care of herself. *See Harvard v. Inch*, 411 F. Supp. 3d 1220, 1240 (N.D. Fla. Oct. 24, 2019) (citing *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 168 (2d Cir. 2003) ("A mental illness that impels one to suicide can be viewed as a paradigmatic instance of inability to care for oneself.")). "[I]n virtually all cases" an individual impaired by MDD will result in a determination of coverage under the "actual disability" prong or the "record of" prong. 28 C.F.R. § 35.108(d)(2)(ii)-(iii). Defendant has not challenged whether Plaintiff has a disability, only that "she is not entitled to judgement as a matter of law on the issue of whether she was a qualified individual with a disability." (Doc. 95 at 2). Accordingly, Plaintiff is entitled to summary judgment as to the claim that she has a disability.

Alternatively, FDC requests the Motion be denied or deferred, pursuant to Rule 56(d), Fed. R. Civ. P., to allow the FDC to obtain sufficient discovery. *See* Doc. 95 at 11-14. Because this Order solely addresses whether Plaintiff has a disability, not whether she was "a qualified individual with a disability," no additional discovery is necessary on this limited issue. The Court will decline Defendant's invitation to deny or defer a ruling pursuant to Rule 56(d) to allow for additional discovery.

### IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that

1. Plaintiff's Motion for Summary Judgment (Doc. 85) is **GRANTED** in part and **DENIED** in part.

    a. The Motion is **GRANTED** with regard to Plaintiff's claim of having a disability.

    b. The Motion is **DENIED** as with regard to Plaintiff's claim of a being a "qualified individual with a disability."

**DONE** and **ORDERED** in Orlando, Florida on April 22, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record