IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHERYL WEIMAR,

    Plaintiff,

vs.                                     CASE NO. 5:19-cv-548-CEM-PRL

THE FLORIDA DEPARTMENT OF
CORRECTIONS, KEITH TURNER,
and RYAN DIONNE,

    Defendants.
_____/

### DEFENDANT RYAN DIONNE'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, RYAN DIONNE, hereby responds to the Plaintiff's Second Amended Complaint as follows:

1.     Denied.

2.     Admitted for jurisdictional purposes only.

3.     Admitted for jurisdictional purposes only.

4.     Without knowledge, therefore denied.

5.     Without knowledge, therefore denied.

6.     Without knowledge, therefore denied.

7.     Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Denied.

10. Denied.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Denied.

22. Without knowledge, therefore denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Without knowledge, therefore denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Without knowledge, therefore denied.

36. Denied.

37. Without knowledge, therefore denied.

38. Denied.

39. Denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Without knowledge, therefore denied.

43. Without knowledge, therefore denied.

44. Responses to Paragraphs 1 through 43 are realleged as if fully restated herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Responses to Paragraphs 1 through 43 are realleged as if fully restated herein.

52. To the extent a response is required, denied.

53. To the extent a response is required, denied.

54. To the extent a response is required, denied.

55. To the extent a response is required, denied.

56. To the extent a response is required, denied.

57. To the extent a response is required, denied.

58. To the extent a response is required, denied.

59. To the extent a response is required, denied.

60. To the extent a response is required, denied.

61. To the extent a response is required, denied.

62. To the extent a response is required, denied.

63. To the extent a response is required, denied.

64. To the extent a response is required, denied.

65. To the extent a response is required, denied.

66. To the extent a response is required, denied.

67. To the extent a response is required, denied.

68. To the extent a response is required, denied.

69. To the extent a response is required, denied.

70. Responses to Paragraphs 1 through 43 are realleged as if fully restated herein.

71. To the extent a response is required, denied.

72. To the extent a response is required, denied.

73. To the extent a response is required, denied.

74. To the extent a response is required, denied.

75. To the extent a response is required, denied.

76. To the extent a response is required, denied.

77. To the extent a response is required, denied.

78. To the extent a response is required, denied.

79. To the extent a response is required, denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust her administrative remedies, formal, informal, statutory or otherwise and this action should be dismissed.

3. Plaintiff has failed to satisfy all conditions precedent including but not limited to failure to exhaust internal remedies, remedies under the Prison Litigation Reform Act, failure to provide pre-suit notice required by F.S. 768.28, and failure to provide proper timely notice.

4. The Plaintiff's claim is barred by the applicable Statute of Limitations.

5. Plaintiff's complaint exceeds the scope of his administrative charge or claim.

6. Plaintiff has failed to mitigate her damages or has suffered no damages.

7. Plaintiff failed to suffer a physical injury, thus the action should be dismissed.

8. Any action or inaction of the Defendant was not the proximate cause of Plaintiff's alleged damages.

9. Plaintiff is guilty of her own misconduct, which caused or contributed to the action of the Defendants.

10. Plaintiff lacks standing to bring the complaint.

11. The actions taken by the Defendant Dionne were done with probable cause and in compliance with applicable rules and regulations.

12. Plaintiff's claims are barred by the doctrine of laches and unclean hands.

13. Defendant Dionne had a good faith basis for his actions.

14. Plaintiff's claims are barred by the doctrine of sovereign immunity and/or Eleventh Amendment immunity.

15. Defendant Dionne is entitled to a set off for any amounts received or to be received from any collateral source.

16. The claims against the Defendant Dionne should be barred because he did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard or human rights or safety.

17. The claims against Defendant Dionne should be barred based upon the principle of any or all of the Defendants' qualified immunity as their actions were part of their discretionary authority, did not violate clearly established statutory or constitutional rights that a reasonable person would

have known, nor were said actions deliberately indifferent to the needs of the Plaintiff.

18. Defendant Dionne is entitled to the limitations of liability contained within Florida and Federal law including but limited to 42 U.S.C. 1981. Any verdict or judgment against these Defendants should be limited accordingly.

19. Plaintiff failed to exhaust her administrative remedies prior to filing this cause as required under the Prison Litigation Reform Act.

20. All of Defendant Dionne's actions were objectively and subjectively reasonable given the totality of the circumstances and therefore comport with the Eighth Amendment to the United States Constitution.

21. At no time did Defendant Dionne deprive Plaintiff of her clearly established constitutional rights.

22. Defendant Dionne's conduct did not go beyond all possible bounds of decency and cannot be regarded as shocking, atrocious, and utterly intolerable under the totality of the circumstances.

23. To the extent any claims asserted by Plaintiff are claims based in negligence, Defendant Dionne is entitled to have the alleged damages of Plaintiff, if any, apportioned among all persons or entities responsible, such apportionment to be determined by the trier of fact here. Defendant Dionne

gives notice that he intends to request the following individuals be placed on the verdict form including but not limited to: Nurse D. Coates, R.N., Dr. J. Rodriguez, Shirley Roessner, LPN, Curtis Dwares, ARNP, and the nurse whose name is unknown but who refused to attend to Plaintiff when she was brought to Lowell Work Camp immediately following the use of force.

24.   Discovery is continuing and there may be other persons or entities whose identity is presently unknown who may be responsible.

DATED this 23rd day of April, 2020.

THOMPSON, CRAWFORD & SMILEY

/s/Thomas R. Thompson

_____
THOMAS R. THOMPSON, ESQUIRE
Florida Bar No. 890596
tom@tcslawfirm.net
rebecca@tcslawfirm.net
Mallory R. Bennett, Esq.
Florida Bar No. 124039
mallory@tcslawfirm.net
Post Office Box 15158
Tallahassee, FL 32317
(850) 386-5777
Fax: (850) 386-8507
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Electronic Filling on this 23rd day of April, 2020, to:

Steven R. Andrews, Esq.
Ryan J. Andrews, Esq.
John M. Vernaglia, Esq.
Andrews Law Firm
822 N. Monroe Street
Tallahassee, FL 32303
steve@andrewslaw.com
ryan@andrewslaw.com
jonh@andrewslaw.com
Attorneys for Plaintiff

Thomas Gonzalez, Esq.
Nathan Paulich, Esq.
Gray Robinson, P.A.
401 East Jackson Street, Suite 2700
Tampa, FL 33602
Thomas.gonzalez@gray-robinson.com
Nathan.paulich@gray-robinson.com
Attorneys for Defendant DOC

Robert Buchanan, Esq.
Siboni & Buchanan, PLLC
1900 SE 18th Avenue, Suite 300
Ocala, FL 34471
rbuchanan@sbtrial.com
aperry@sbtrial.com
Attorney for Defendant Keith Turner

/s/Thomas R. Thompson
_____
Thomas R. Thompson, Esq.