UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHERYL WEIMAR,**

    **Plaintiff,**

v.                                                       Case No: 5:19-cv-548-Oc-CEMPRL

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, KEITH TURNER and**
**RYAN DIONNE,**

    **Defendants.**

## ORDER

In this prisoner civil rights case, the plaintiff Cheryl Weimar seeks adverse inferences against the Florida Department of Corrections (FDC). (Doc. 88). Plaintiff alleges that the individual defendants Turner and Dionne violated her Eighth Amendment right to be free from cruel and unusual punishment (Count I), and that the FDC violated her rights under the Americans with Disabilities Act (ADA) (Count II) and the Rehabilitation Act (RA) (Count III), both of which prohibit discrimination. (Doc. 35).

Throughout this suit, Turner and Dionne have invoked their Fifth Amendment right to remain silent in response to Plaintiff's discovery requests. (Docs. 80-20, 80-21, 80-22, 80-23). Turner refused to answer all of Plaintiff's written discovery requests as well as several requests for admissions about the use of force used by him on Plaintiff and whether it was lawful or in accordance with the FDC's policies. (Doc. 80-20). Dionne also refused to answer Plaintiff's written discovery requests (Doc. 80-22), and at the time Plaintiff filed this motion (Feb. 14, 2020) he had not yet responded to Plaintiff's requests for admissions. (Doc. 88, p. 6) Additionally, Turner and Dionne invoked their Fifth Amendment right and refused to answer all substantive questions

at their depositions. (Docs. 80-21, 80-23). Plaintiff now asks the Court to draw adverse inferences against the FDC based on Turner and Dionne's invocation of their Fifth Amendment right. (Doc. 88).

In a criminal context, a negative inference from an accused's invocation of the Fifth Amendment privilege against compelled self-incrimination is not permitted. *See Griffin v. California,* 380 U.S. 609, 615 (1965). However, in civil cases, "the Fifth Amendment does not forbid adverse inferences against parties . . . when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano,* 425 U.S. 308, 318 (1976). "Th[is] rule allowing invocation of the privilege [by civil litigants], though at the risk of suffering an adverse inference or even a default, accommodates the right not to be a witness against oneself while still permitting civil litigation to proceed." *Coquina Investments v. TD Bank, N.A.*, 760 F.3d 1300, 1310 (11th Cir. 2014) (citing *Mitchell v. United States,* 526 U.S. 314, 328 (1999)). The admissibility of a non-party's invocation of the Fifth Amendment privilege against self-incrimination and the drawing of adverse inferences should be considered "on a case-by-case basis." *Coquina*, 760 F.3d at 1310.

Plaintiff broadly asks the Court to draw adverse inferences against the FDC from Turner and Dionne's silence but does not specify which adverse inferences she is seeking or in what context those inferences would be applied. (Doc. 88) ("Plaintiff respectfully requests that this Court grant this Motion and draw adverse inferences against FDC . . . ."). The Court likely could grant some degree of an adverse inference against the individual defendants and against the FDC, but doing so, without being able to assess the specific request here, appears premature. Does Plaintiff seek an adverse inference that the individual officers had knowledge of her disability, that she declared a medical emergency, that they used unjustifiable and excess force as punishment or

retaliation, and that all of those adverse inferences should in turn be imputed to the FDC under a respondeat superior theory of liability? That seems to be the gist of the plaintiff's request, but she should say so. Further, if it is, the FDC says such a request is premature because as a matter of law respondeat superior liability may not apply and that issue hasn't been resolved in the suit yet.

An adverse inference or inferences could be granted against the FDC based on the silence of the two individual defendants, *see, e.g., S.E.C. v. Monterosso*, 746 F.Supp. 2d 1253, 1263 (S.D. Fla. 2010) ("Adverse inferences drawn against the individual defendants may also be drawn against the corporate defendant because the individual defendants were acting in the scope of their employment when they engaged in the conduct they refused to testify about."), and to reach that conclusion the Court would apply the factors discussed in *LiButti v. United States*, 107 F.3d 110, 123 (2d Cir. 1997), and adopted by the Eleventh Circuit in *Coquina Investments v. TD Bank, N.A.*, 760 F.3d 1300, 1311 (11th Cir. 2014).

First, since this case is still in the early to mid-stage of discovery, and because a motion for summary judgment cannot be granted on an adverse inference alone, but must be considered with other evidence in the case when determining, for example, whether a genuine issue of fact exists, it seems that the completion of discovery would aid the Court in determining the nature of any adverse inference. *See Monterosso*, 746 F.Supp. 2d at 1261. Further, since when determining whether adverse inferences may be drawn against a party from the invocation of the Fifth Amendment privilege by a non-party the court considers various factors, such as, "(1) the nature of the relevant relationships; (2) the degree of control of the party over the non-party witness; (3) the compatibility of the interests of the party and non-party witness in the outcome of the litigation; and (4) the role of the non-party witness in the litigation," it seems again that the further

development of discovery would aid the Court in this analysis. *See id.* at 1263–64 (discussing factors).

Lastly, all of that analysis may be moot, or at least may need to be assessed through a different lens, if the FDC establishes its legal defense: that respondeat superior liability is inapplicable. Indeed, the FDC claims that as a matter of law it cannot be liable for Turner and Dionne's actions. (See Doc. 91, p. 7, citing *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 n. 6 (11th Cir. 2019) ("We do note, however, that contrary to Silberman's suggestion at oral argument, the availability of respondeat superior for Title II and the § 504 claims remains an open question.")).

Accordingly, the Court submits that Plaintiff's request for adverse inferences against the FDC is premature and should be denied without prejudice at this time.

**DONE** and **ORDERED** in Ocala, Florida on April 28, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties