# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**CHERYL WEIMAR,**

    **Plaintiffs,**

v.                                                            CASE NO.: 5:19-cv-548-CEM-PRL

**THE FLORIDA DEPARTMENT OF CORRECTIONS, KEITH TURNER, and RYAN DIONNE,**

    **Defendants.**

_____/

## PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

COMES NOW the Plaintiff, Cheryl Weimar, by and through the undersigned attorney, and request a Writs of Habeas Corpus ad Testificandum for the following prisoner:

1. The above styled case is set for trial beginning December 1, 2020, at 8:30 a.m. at the Federal Courthouse, Courtroom 5B, 207 Northwest Second Street Ocala, Florida 34475.

2. The following person is a necessary witness who is confined by the Florida Department of Corrections at the place below and must be transported to trial in this matter:

    **Jacquelin Langley, U38186**
    **Gadsden Correctional Facility**
    **6044 Greensboro Highway**

**Quincy, Florida 32351-9100**

3. It is necessary to have said witness before this Court for the purpose of testifying on behalf of the Plaintiff at said trial.

4. The Defendants object to Ms. Langley attending trial, and unsurprisingly, also object to leave for Plaintiff to take her deposition as it will fall out of the current allotted amount. The Defendants claim it is "late notice" or that she was not previously disclosed, which is not entirely accurate. The Defendants, and specifically FDC, were aware that she was present at the Work Camp on August 21, 2019. There were hundreds of inmates present on the date of the attack and Plaintiff, only having recently spoken to Ms. Langley, only made contact with her in July of 2020.

5. Ms. Langley was an eyewitness to the actual beating itself, including overhearing statements by Ms. Weimar outside the A Dorm such as "I declared a psych out, I don't understand what is happening, I need help."

6. What is clear is that the Defendants' objection really stems from testimony itself, which is damaging to the defenses in the case and supports the Plaintiff's allegations.

7. This witness is essential and must be present at trial for Plaintiff to not be prejudiced in presenting the facts and testimony that support her claims. Plaintiff cannot obtain her deposition because the Defendants object to additional

depositions, and Defendants also object to bringing her to trial, which creates an issue because she is incarcerated and Plaintiff cannot otherwise compel her attendance at trial.

WHEREFORE, Plaintiff, Cheryl Weimar, requests that this Honorable Court issue a writ of Habeas Corpus Ad Testificandum, directing the Department to proceed to the aforesaid penal institution and there take into custody the body of the said Witness and have subject before the Court at the time and place above specified, then and there to testify as aforesaid; and upon completion of testimony to return the said witness to the custody of the Warden of the aforesaid penal institution; and also directing the said Warden to deliver the Witness up for this purpose.

    Respectfully submitted,

**ANDREWS LAW FIRM**
822 North Monroe Street
Tallahassee, Florida 32303
T: (850) 681-6416 / F: 681-6984

*/s/ Ryan J. Andrews*
STEVEN R. ANDREWS (FBN: 0263680)
steve@andrewslaw.com
JOHN M. VERNAGLIA (FBN 1010637)
john@andrewslaw.com
RYAN J. ANDREWS (FBN 0104703)
ryan@andrewslaw.com
service@andrewslaw.com
*Attorneys for Plaintiff*

## **LOCAL RULE 3.01(g) CERTIFICATE**

Pursuant to Rule 3.01(g) of the Local Rules of the Middle District of Florida, the undersigned has conferred with counsel for Defendants via email and phone regarding this Motion, and reports that Defendants oppose this Motion and all relief requested herein.

*/s/ Ryan J. Andrews*
RYAN J. ANDREWS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic service on this 22nd day of July, 2020, to:

Thomas Gonzalez, Esq.
Gregory Hearing, Esq.
Gray Robinson, P.A.
401 East Jackson Street, Suite 2700
Tampa, FL 33602
Thomas.gonzalez@gray-robinson.com
gregory.hearing@gray-robinson.com
Sherry.Knox@gray-robinson.com
Karen.Harris@gray-robinson.com
*Counsel for Defendant FDC*

Juan Martinez, Esq.
Gray Robinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
juan.martinez@gray-robinson.com
*Counsel for Defendant FDC*

Thomas R. Thompson, Esq.
Mallory R. Bennett, Esq.
Thompson, Crawford & Smiley
1330 Thomasville Road
Tallahassee, FL 32303
tom@tcslawfirm.net
mallory@tcslawfirm.net
rebecca@tcslawfirm.net
karen@tcslawfirm.net
*Counsel for Defendant R. Dionne*

Robert B. Buchanan, Esq.
Siboni & Buchanan, PLLC
1900 SE 18th Avenue, Suite 300
Ocala, Florida 34471
rbuchanan@sbtrial.com
aperry@sbtrial.com
*Counsel for Defendant K. Turner*

    ***/s/ Ryan J. Andrews***
    RYAN J. ANDREWS